UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEVIN K. SIMMONS, | ) |
|     Plaintiff, *pro se*, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **RECOMMENDATION** |
| B. STUBBS, *et al.*, | ) **AND ORDER** |
|     Defendants. | ) 1:11CV291 |

This matter is before the court on the motion to dismiss of Defendant Beverly A. Stubbs, Nurse Supervisor (docket no. 17). Plaintiff has responded to the motion with a document which he has styled as "Motion to Grant Claim Based on Defendants (sic) Default" (docket no. 20). Defendant Stubbs has filed her response in opposition (docket no. 22). In this posture the matter is ripe for disposition. For the reasons which follow, the motion to dismiss should be granted. Plaintiff's motion to grant, etc. will be denied.

**BACKGROUND**

Plaintiff's complaint purports to allege a deliberate indifference claim against Stubbs, "J. Umesi - M.D.," and "C. Wyatt - P.A." While Plaintiff was confined at the Scotland Correctional Institution, he says that he had trouble with his hearing, he suffered pain and an ear infection that has caused hearing loss in his left ear and diminished hearing in the right ear, and he was seen by a nurse who scheduled him a visit with the facility physician. After seeing the doctor, he was sent to Pinehurst

Medical Center for a hearing test which was "unsuccessful." He has continued to complain, but after seven and one-half months ("and counting"), he still suffers from hearing loss. The nub of his complaint is that the defendants should be held responsible for their lack of professionalism and their non-treatment.

Stubbs' motion to dismiss challenges the complaint because it alleges no facts indicating her involvement in the decisions about Plaintiff's medical care, no facts indicating her involvement in the care provided, and no facts detailing any act or omission on her part. Rather, her motion says that she is named as a party only and nothing else in the complaint points to her.

Plaintiff's response to the motion is, in effect, that Stubbs "is in charge of the medical department" and everything "has to come through her desk at some point in time." Response, p. 1 of 6 (docket no. 21). In addition, Plaintiff asserts that Stubbs' motion is out of time and that a default should be entered against her. In short, Plaintiff seems to be relying on Stubbs' supervisory position in his effort to mount a claim against her.

**ANALYSIS**

**Motion to Dismiss: Standard of Review (after *Twombly* and *Iqbal*)**

The purpose of a motion to dismiss for failure to state a claim (under FED. R. CIV. P. 12(b)(6)) is to test the sufficiency of the complaint - not to have the court decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C.

2

1995). Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). At this stage of litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

A plaintiff need not plead detailed evidentiary facts, but he must give each defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

3

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal brackets and citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1] Finally, in evaluating a complaint, the court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (stating that a court may

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 305 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)).

4

apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). With these principles in mind, the court turns now to the motion to dismiss.

A careful reading, indeed even a cursory reading of the complaint, shows that Stubbs is correct in asserting in her motion that Plaintiff has advanced no allegations as to her - either as to her involvement in the decisions about Plaintiff's medical care, or as to her involvement in the care provided, or as to any act or omission on her part. As noted, she is named as a party only. Moreover, to the degree that Plaintiff attempts to assign liability to Stubbs because she is a supervisor, the Fourth Circuit Court of Appeals has said that supervisory liability may attach under Section 1983 if a plaintiff can establish three elements: (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002) (*citing Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted)). Under the first prong of *Shaw,* the conduct engaged in by the supervisor's subordinates must be "pervasive," meaning that the "conduct is widespread, or at least has been used on several different

5

occasions." *Id.* Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Slakan v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference, however, may be satisfied by showing "[a] supervisor's continued inaction in the face of documented widespread abuses." *Id.* To be sure, Plaintiff cannot meet this standard. The court should therefore grant the motion to dismiss by Stubbs.

Last of all, to the extent that Plaintiff seeks an order from the court entering a default against Stubbs, it is abundantly clear that Stubbs has timely responded to the complaint. The motion for entry of a default will be denied.

**CONCLUSION**

In accordance with the foregoing, **IT IS RECOMMENDED** that the motion to dismiss of Defendant Beverly A. Stubbs, Nurse Supervisor (docket no. 17) be **GRANTED** and that Defendant Stubbs be dismissed from this action. Furthermore, Plaintiff's motion for entry of default against Defendant Stubbs is **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

August 19, 2011