IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN K. SIMMONS,                )
                                 )
        Plaintiff,                )
                                 )
                                 )
v.                               )        1:11CV291
                                 )
B. STUBBS, et al.,               )
                                 )
        Defendant.                )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the motion to dismiss of Defendant Joseph Umesi, M.D. ("Defendant Umesi"). (Docket Entry 25.) Plaintiff filed a response in opposition to this motion. (Docket Entry 30.) This matter is ripe for disposition. For the following reasons, the court will recommend that Defendant Umesi's motion to dismiss be granted.

## I. BACKGROUND

On or about April 13, 2011, Plaintiff, a prisoner of the State of North Carolina, filed a complaint against Defendants B. Stubbs, Joseph Umesi and C. Wyatt pursuant to 42 U.S.C. § 1983.[1] (Docket Entry 2.) In his complaint, Plaintiff alleges that Defendants acted with deliberate indifference to Plaintiff's medical needs with regards to hearing loss.[2] (Compl. ¶ V, Docket Entry 2.) Plaintiff states that he filed a sick-call request in September 2010 after

---

[1] The electronic docket sheet in this matter indicates that "C. Wyatt" was not served and is not a party to this action. (*See* Docket Entry 9.)
[2] The facts are construed in the light most favorable to Plaintiff as the non-moving party. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

having trouble with his hearing. (*Id.*) One week later, he was seen by a nurse who scheduled Plaintiff a visit with the physician. (*Id.*) Plaintiff was seen by Defendant Umesi a month later and subsequently sent to Pinehurst Medical Center for a hearing test which was unsuccessful. (*Id.*) Plaintiff alleges that he continues to complain about his hearing problems and has not received a response from medical staff. (*Id.*) He seeks monetary damages against Defendants. (*Id.* ¶ VI.)

On July 14, 2011, Defendant Stubbs filed a motion to dismiss Plaintiff's complaint. (Docket Entry 17.) On August 19, 2011, a recommendation was entered to dismiss claims against Defendant Stubbs. (Mem. Op. Recomm. and Order, Docket Entry 23.) On March 7, 2012, the Court adopted the Magistrate Judge's Recommendation and dismissed Defendant Stubbs from this action. (*See* Order, Docket Entry 31.) On August 26, 2011, Defendant Umesi filed a motion to dismiss which is now pending before the court. (Docket Entry 25.)

## II. DISCUSSION

*Defendant Umesi's Motion to Dismiss Pursuant to Rule 12(b)(5)*

### A. Standard of Review

Defendant Umesi argues that dismissal is appropriate pursuant to Federal Rule of Civil 12(b)(5) for insufficient service of process. "A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C. 1996) (citing *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988)). Once the sufficiency of service of process is challenged, the burden is on the plaintiff to

establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. *Id.* (citation omitted.) The Fourth Circuit has previously stated:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Even so, courts generally allow *pro se* plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013)(emphasis added).

The manner in which a defendant may be served is governed by Rule 4 of the Federal Rules of Civil Procedure. Service upon an individual within a judicial district in the United States must comply with Rule 4(e) which states:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). N.C. Gen. Stat. § 1A-1, Rule 4(j) sets out the manner in which service upon a natural person may be made in the state of North Carolina. The Fourth Circuit has stated that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir.1998) (citation omitted). In North Carolina, "[a]lthough a return of service showing service on its face constitutes *prima facie* evidence of service, such showing can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (emphasis in original).

### B. Analysis

Defendant Umesi argues that Plaintiff improperly served Defendant at his place of employment by serving an individual unauthorized to accept service on his behalf. (Def. Mem. at 5, Docket Entry 26.) The record reflects that a summons and complaint was issued to "J. Umesi, P.O. Box 1808, Laurinburg, N.C. 28353-1808, SCI #4860." (Summons at 1, Docket Entry 6.) A copy of the Process Receipt and Return was filed with the court indicating that "P. Anderson" was served on May 24, 2011. (Process Receipt and Return at 1, Docket Entry 8.) The box indicating "[a] person of suitable age and discretion then residing in defendant's usual place of abode" was marked. (*Id.*) In support of his motion to dismiss, Defendant Umesi filed an affidavit attesting that "'P. Anderson' has never resided at [Defendant Umesi's] 'usual place of abode,' nor has Scotland Correctional Institution ever been [Defendant Umesi's] 'usual place of abode.'" (Umesi Aff. ¶ 3, Docket Entry 25-1.)

4

Defendant Umesi further indicated that "P. Anderson" was not his authorized agent, nor was any other individual at the prison authorized to accept service on his behalf. (*Id.*)

After review of the evidence, the Court concludes that Defendant Umesi has rebutted the presumption that service was proper. Acceptance of service by an unauthorized individual at Defendant Umesi's place of employment is not an acceptable means of service. *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). However, Defendant Umesi received actual notice, and there is no indication that he would be prejudiced by a liberal construction of Rule 4(m).[3] *See Thomas*, 2013 WL 593419 at *1 (finding no prejudice in allowing the plaintiff an opportunity to cure service). Dismissal for insufficient service of process is, therefore, inappropriate. Nevertheless, the undersigned recommends dismissal of this action for failure to state a claim based upon the reasons stated below.

*Defendant Umesi's Motion to Dismiss Pursuant to Rule 12(b)(6)*

### A. Standard of Review

Defendant argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] Pursuant to Rule 4(m), the Court must dismiss Plaintiff's Complaint or order that service be effectuated within a specified time period. *See* Fed. R. Civ. P. 4(m). Although the Court has determined the Complaint should not be dismissed for insufficient service of process, the Court recommends dismissal on other grounds. Thus, granting Plaintiff an extension of time to complete service is not necessary. *See Krahenbuhl v. Hyde Cnty. Sch.*, Case No. 4:12-CV-170-BO, 2013 WL 1163787 at n.2 (E.D.N.C. Mar. 20, 2013) ("[I]n light of its finding that plaintiff has failed to state a claim under Rule 12(b)(6), the Court denies defendant's motion to dismiss for failure to effect proper service."); *Mallard v. MV Transp., Inc.*, CIV. A. DKC 11-2997, 2012 WL 642496 at *2 (D. Md. Feb. 27, 2012) ("As a practical matter, . . . it would make little sense to grant Plaintiff an extension of time to serve a complaint that fails to state a claim.")

5

plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

## B. Deliberate Indifference

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* at 832 (internal quotation and citation omitted). A successful Eighth Amendment claim contains two elements: the deprivation must be, objectively, "sufficiently serious," and the prison official must have demonstrated a "deliberate indifference to inmate health or safety." *Id.* at 834.

"Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Rather, the "deliberate indifference" prong requires Plaintiff to make "two showings:"

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his action were inappropriate; the official actually *must have* recognized that his actions were insufficient.

*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis in original). "The subjective component therefore sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "'Deliberate indifference entails something more than mere negligence . . . .'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Farmer* 511 U.S. at 835). "It requires that a prison official know of and disregard the objectively serious condition, medical need, or risk

7

of harm." *Id.* To constitute deliberate indifference, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).[4] Thus, "mere negligence or malpractice" does not constitute deliberate indifference. *Id.* at 852. Similarly, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). It is well settled, therefore, that a medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *Farmer*, 511 U.S. at 832-35.

## C. Analysis

The Complaint fails to allege that Defendant Umesi was deliberately indifferent to a serious medical need. According to the alleged facts, Plaintiff was seen by a nurse a week after submitting a sick-call request. (Compl. ¶ V.) A month later, he was seen by Defendant Umesi. (*Id.*) Plaintiff was later sent to Pinehurst Medical Center for a hearing test which was unsuccessful. (*Id.*) An attached exhibit[5] indicates that an ENT recommendation is pending approval from the Utilization Review Board.[6] (*Id.* at 27.) Plaintiff's Complaint simply fails to state a claim for deliberate indifference to a serious medical need. Instead, the alleged

---

[4] *Miltier* has been overruled by *Farmer* to the extent that it allowed a finding of deliberate indifference upon constructive knowledge, but it is still good law for the proposition cited.

[5] The Court may consider exhibits attached to the Complaint when ruling on a motion to dismiss. (*Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

[6] In his Complaint, Plaintiff notes the uncertainty as to whether Defendant recommended an ENT evaluation. (*See* Compl. at 25, 27.) Taking the facts in light most favorable to Plaintiff for purposes of this motion, the Court will assume a recommendation was made and is pending approval.

facts illustrate a reasonable effort by Defendant Umesi to address Plaintiff's hearing loss concerns. Defendant Umesi's actions are not "so grossly incompetent, inadequate or excessive as to shock the conscience." *Miltier*, 896 F.2d at 851. Thus, Plaintiff's claim against Defendant Umesi should be dismissed.

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that the Court **GRANT** Defendant Umesi's motion to dismiss (Docket Entry 25) for failure to state a claim for deliberate indifference to a serious medical need under 42 U.S.C. §1983.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 6th, 2014

9